[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff has brought the instant action seeking to foreclose a mechanic's lien placed on the defendant's home as a result of the furnishing of materials and goods used in the construction of the plaintiff's home. The defendant entered into a contract for the construction of her home with Carl Raymond Builders, LLC (hereinafter, Raymond) and as a result of its default in payment to the plaintiff, the lien was filed on June 16, 1999 in the sum of $16,008.34. The parties are in agreement that the plaintiff has a valid lien and that the defendant made certain payments to Raymond in the sum of $120,300.00.
 II
The dispute in this case is framed by our Supreme Court's decision inRene Dry Wall Co., Inc. v. Strawberry Hill Associates, 182 Conn. 568,438 A.2d 774 (1980) in which the court faced with a similar factual setting construed two provisions of the mechanic's lien statutes. General Statutes §§ 49-33 and 49-36, as they relate to a default in payment by a general contractor when it has been paid by the owner. The court stated: "[b]oth of these sections start with the proposition that no mechanic's lien may attach to any building or land in an amount greater than the price which the owner has agreed to pay to the general contractor for the building being erected or improved. This amount may be diminished to the extent that it exceeds "the reasonable cost . . . of satisfactory completion of the contract plus any damages resulting from . . . default for which [the general contractor] might be held liable to the owner." General Statutes § 49-33. The amount may be diminished further by "bona fide payments, as defined in section 49-36, made by the owner [to the general contractor] before receiving notice of [the mechanic's] lien or liens." General Statutes § 49-33. . . . If, as in this case, a general contractor receives progress payments that are not turned over to those who have done the work represented by the progress payments, and ultimately defaults entirely, the owner making such payments and completing such a job is protected as long as the owner acts in good faith and reasonably, as defined by the statutes. In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact." Id., 572-574.
Hence, this court must examine the contract and any payments between CT Page 5281 Raymond and the defendant, and then review any payments made to others to complete the job.
As noted by this court at trial, the defendant and Raymond entered into a contract for the construction of her home. The contract consists of at least three documents; one is a proposal drafted by the defendant, the second is a response drafted by Raymond and the third is a form "contractor agreement." While some terms may be missing from this arrangement,[1] as between these contracting parties, Raymond was to build a 2100 square foot contemporary home for the defendant at lot 12, Knoll Lane, Bristol, Connecticut for the sum of $131,940.00 plus a general contractor's fee of five percent, or $6,597.00, plus $1,000 for exterior steps for a total of $139,537.00. At trial, the defendant testified that she believed the fee was included in the basic fee, but the Raymond acceptance document clearly indicates that the fee is additional. The parties are in agreement that the defendant paid Raymond the sum of $120,300.00. The difference between these figures, the amount that might be subject to the lien, is $19,237.00.
The next step is to determine whether the defendant was required to retain others to complete the job and if so, to review those payments actually made by the defendant. The plaintiff does not dispute that the defendant retained others and acknowledges in its brief that at least $6,672.00 was paid to others. The defendant argues that $20,787.07 was paid to complete the job. Included in that higher sum is $3,900 for a driveway. The proposal given to Raymond included specifications for a driveway under the category of "sitework," but the proposal delivered to the defendant by Raymond is silent on this subject. In fact, they are dissimilar enough that this court will not assume that a driveway is covered in this category and thus this amount is disallowed. The $300 for the plot plan is allowed as it is covered under the contract in "site plan." The third item, curbing for $400, is also not covered by the contract and is disallowed. Next, is a $5000 claim for sewer, and although an obviously necessary component for the construction of a house, it is not covered in any of the contractual documents except for the one reference in the defendant's initial proposal. "11)water supply a) City water/City sewer." The $5000 is thus disallowed. The next claim is $900 for regrading and that certainly falls within the excavating category and moreover as it is not contested by the plaintiff, it is allowed. The companion claim for grading or landscaping for $3000 is, unlike the driveway, a component of the excavation category and is therefore allowed. The plaintiff does not dispute the carpentry charge of $300, and it is therefore allowed. The plaintiff concedes the sum of $672.00 additional for cabinetry, but the defendant claims $1,172.00. As the defendant testified that she spent $6,172.00 (over the $5500.00 allowance), the court will allow the $672.00. As to the extra lighting, CT Page 5282 the plaintiff concedes the sum of $100 and the defendant only testified that she paid from $100-200 without further explanation; accordingly $100 is allowed. The next category is flooring and the plaintiff acknowledges that the defendant paid $2700 while she claims $2,897.00. The court will allow the $2700 which represents the additional monies spent over the $6300.00 allowance. The defendant testified that she paid an extra $400 for the screens and thus this figure is allowed. Additionally, $268.00 is allowed for the shower door. The defendant should be allowed a $100 for the extra sum paid for painting over the $500 allowance. The defendant is also allowed an additional sum of $750 for the lien placed for the insulation. A total of these figures amounts to $9,490.00 and this figure deducted from the $19,237.00 leaves an amount of $9,747.00 which is subject to the lien. While it is not contested that the defendant paid the other sums, they were for items not covered by the contract. Accordingly, the plaintiff is entitled to judgment of foreclosure on its mechanics lien in the amount of $9,747.00.
Berger, J.